IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOUGLAS WALKER,

    Petitioner,

v.                                                        CASE NO. 1:10-cv-97-MP-AK

WALTER McNEIL,

    Respondent.
_____/

## **ORDER**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus, filed by Douglas Walker. The petition recites a litany of claims pertaining to disciplinary convictions that Petitioner has incurred since 2005 in various institutions within the Department of Corrections, which apparently have resulted in Petitioner's classification as a close-management inmate. Petitioner also contends that he has been denied adequate medical care during his incarceration.

The only claims cognizable in a habeas proceeding are those which challenge either the fact of a prisoner's conviction or the duration of his confinement, i.e., "claims [that] fall within the 'core' of habeas corpus...." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In contrast, "constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core and may be brought pursuant to § 1983 in the first instance." *Id*. Accordingly, claims relating only to Petitioner's custody classification and medical care are not cognizable in a habeas proceeding. Petitioner

may seek relief on these claims in a § 1983 suit, but he should be prepared to pay the filing fee as he has had multiple prior actions dismissed as frivolous or malicious or for failing to state a claim for relief, and accordingly is barred from proceeding as a pauper in a civil rights action pursuant to 28 U.S.C. § 1915(g).  Further, in determining the viability of his custody-classification claims, Petitioner is reminded that generally prisoners have no constitutional right to a particular housing assignment or custody classification.  *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976).

To the extent that any of Petitioner's disciplinary convictions give rise to claims that are cognizable in habeas corpus, it is improper to amalgamate multiple claims from different institutions, spanning more than five years,  in one petition. See Rule 2(e), Rules Governing Habeas Corpus Petitions under § 2254.  It also appears that the instant petition contains claims stemming from the same disciplinary convictions at issue in two other pending cases filed by Petitioner: *Walker v. McNeil*, 1:09-cv-135 MP-AK, and *Walker v. McNeil*, 1:19-cv-165.  Petitioner may not file multiple cases stemming from the same disciplinary conviction.  Petitioner will be given an opportunity to file an amended petition clarifying which disciplinary conviction he seeks to challenge in this case.  Petitioner is reminded that he must complete the habeas corpus form fully, setting forth the steps he has taken to exhaust his habeas claims in the state courts and showing why the petition should be deemed timely filed under the one-year limitations period of 28 U.S.C. § 2244(d).  In completing the § 2254 form, Petitioner is reminded that the petition must specify all the grounds for relief; state the facts supporting each ground; state the relief requested; be printed, typewritten, or legibly handwritten; and be signed under

penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under § 2242. § 2254 Rule 2(c)(1)-(5); *see also* N.D. Fla. Loc. R. 5.1(J)(3) (petition should not make reference to memorandum but must set forth claims and facts on form). The amended petition must be filed in its entirety, incorporating all amendments, as matters not set forth in the amended petition are deemed abandoned. Loc. R. 15.1.

Finally, the Court notes that Petitioner has neither paid the $5.00 habeas corpus filing fee nor filed a motion for leave to proceed as a pauper. Such deficiencies must be cured before the Court engages in further review of Petitioner's claims.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Clerk is directed to send Petitioner a blank habeas corpus form and the forms necessary to move for leave to proceed as a pauper. Petitioner shall file the amended petition, together with two identical service copies, and the completed IFP forms or the $5.00 filing fee **on or before July 2, 2010.**

2. **Failure to respond to this order as instructed could result in the dismissal of this action for failure to prosecute and failure to comply with an order of this court.**[1]

**DONE AND ORDERED** this _9th_ day of June, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same disciplinary conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).