IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOUGLAS WALKER,

    Petitioner,

v.                                                CASE NO. 1:10-cv-00097-MP -GRJ

WALTER A MCNEIL,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Noting that the petition recited a multitude of claims pertaining to prison disciplinary convictions spanning a five-year period, and also asserted claims that were not cognizable in a habeas corpus proceeding, the Court directed Petitioner to file an amended petition and a motion for leave to proceed as a pauper by July 2, 2010. Doc. 4.[1] The Clerk provided Petitioner with the necessary habeas and IFP forms. Petitioner moved for an extension of time, and asserted that Respondent was impeding his access to court in various respects, including by denying him paper and copying services. Doc. 5. The Court granted Petitioner an extension of time to submit an amended petition, reminded Petitioner that he was only required to complete the form as to one disciplinary claim, and waived the requirement to submit service copies. Doc. 6. The Court ordered Petitioner to submit an amended petition on

---

[1]The Court also noted that although some of Petitioner's non-habeas claims might be cognizable under 42 U.S.C. § 1983, Petitioner would not be permitted to pursue such claims *in forma pauperis* because he was subject to the three-strikes bar of 28 U.S.C. § 1915(g).

or before August 7, 2010, failing which the case would be dismissed for failure to prosecute and failure to comply with an order of the Court. *Id.*

As of this date, Petitioner has failed to file an amended habeas corpus petition. Petitioner did file a motion for leave to proceed as a pauper, Doc. 7, and an eight-page motion for appointment of counsel, Doc. 8.[2] In his motion for appointment of counsel, Petitioner contends that he "sent his only record remaining of his Petition, filed in this instant, to the prison library for copying service on July 1, 2010. As of filing this Motion, Petitioner has not received his Petition or requested copies back. Without a copy of his Petition Petitioner is unable to provide sufficient facts in his Amended Petition to state a cause of action to maintain this case at bar."

Petitioner's motion for counsel does not establish any cause for his failure to comply with the Court's order to file an amended petition challenging one of the disciplinary convictions mentioned in the original petition. The Court provided Petitioner with the necessary form and waived the requirement that Petitioner provide service copies. Petitioner was able to prepare and file an eight-page motion, Doc. 8, arguing for appointment of counsel. The Court is satisfied that Petitioner, an experienced prison litigator, would not have difficulty completing the Court's habeas corpus petition form with information sufficient to explain the basis for his challenge to a prison disciplinary conviction, if he in fact has a cognizable basis for such a claim.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and

---

[2]The Court has entered a separate order on the pending motions.

*Case No: 1:10-cv-00097-MP -GRJ*

failure to obey an order of the Court.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of January 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**