IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOUGLAS WALKER,

    Petitioner,

v.                                             CASE NO. 1:10-cv-00097-MP -GRJ

WALTER A MCNEIL,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 13, Report and Recommendation of the Magistrate Judge, which recommends this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to obey an order of the Court. Petitioner timely objected to the Magistrate Judge's Report and Recommendation. This Court reviews objected-to material *de novo*.

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner recites a litany of claims pertaining to disciplinary convictions that Petitioner has incurred since 2005 in various institutions within the Department of Corrections, which apparently have resulted in Petitioner's classification as a close-management inmate. Petitioner also contends that he has been denied adequate medical care during his incarceration.

Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369 (1994). Where a litigant is not challenging the fact or duration

of confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief. *See Porter v. Nussle*, 534 U.S. 516, 526, 122 S. Ct. 983, 990 (2002). Accordingly, claims relating only to Petitioner's custody classification and medical care are not cognizable in a habeas proceeding.

The Court ordered Petitioner to submit an amended petition on or before August 7, 2010, otherwise the case would be dismissed for failure to prosecute and failure to comply with an order of the Court. As of this date, Petitioner has failed to file an amended habeas corpus petition. Petitioner's objection to the Magistrate Judge's Report and Recommendation states that he "sent his only copy of the Petition to the prison's law library, along with relevant exhibits, to be copied which was never returned to him" and as a result "would not be able to file an amended petition on or before August 7, 2010." Doc. 14 at 2.

The Court finds on *de novo* review that Plaintiff's Complaint fails to state a claim on which relief may be granted. The Magistrate Judge was correct when he concluded that "Petitioner was able to prepare and file an eight-page motion, Doc. 8, arguing for appointment of counsel" and as "an experienced prison litigator, would not have difficulty completing the Court's habeas corpus petition form with information sufficient to explain the basis for his challenge to a prison disciplinary conviction, if he in fact has a cognizable basis for such a claim." Doc. 13 at 2. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 13, is ADOPTED and incorporated herein.

2.  Petition for writ of habeas corpus is DISMISSED pursuant to Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute.

**DONE AND ORDERED** this   *15th* day of February, 2011

   *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge